Ex Parte G. L. HAMRICK.

No. A-1763. Opinion Filed July 26, 1913.

E. L. Persons, for petitioner.

Smith C. Matson, Asst. Atty. Gen., and C. J. Davenport, for respondent.

PER CURIAM. This is an application·for the writ of habeas corpus by G. L. Hamrick, seeking his discharge from a judgment entered in the district court of Grady county imposing upon him a fine of two hundred and fifty dollars, and imprisonment upon failure to pay the same. The material portion of the judgment upon which the petition is based is as follows: ''It is therefore ordered, adjudged and decreed, that the said G. L. Hamrick is guilty as shown by the verdict of the jury, and that he be assessed a fine of $250 and all costs in the above entitled cause, and that the said G. L. Hamrick be confined in the county jail of Grady county, Oklahoma, at hard labor until said fine·and costs are paid, at one dollar per day. It is further ordered that the bond by reason of which said G. L. Hamrick is now out shall continue in force for five days, and if said fine and costs are paid by that time the defendant, G. L. Hamrick, shall be discharged; otherwise, he shall be taken into the custody of the sheriff of Grady county, Oklahoma.'' It is contended by the petitioner that the judgment does not specify any legal limit to the imprisonment therein provided, and for that reason is void. With this contention we cannot agree. The judgment is not void. It is irregular, and the irregularity is one which this court will correct on appeal. The writ of habeas corpus does not have for its purpose the correction or modification of judgments unless the legal portion thereof has been complied with. The petitioner would be entitled to have the judgment corrected by proceeding in the trial court, or be released on habeas corpus by this or any other court having jurisdiction after he had served the time prescribed by the statute in case of his failure to pay the fine. The petition is without merit. The writ is denied.